

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 9, 2011

**ELECTRONICALLY FILED**

Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    U.S. v. Russo, et al.
             Case No. 11-CR-0030(KAM)

Dear Judge Matsumoto:

      The United States writes this letter to address Your Honor's concerns regarding proposed Orders of Forfeiture for forfeiture money judgements, filed on September 7, 2011 and September 8, 2011, pursuant to plea agreements with defendants Roger Califano and Anthony Calabro, respectively.  Specifically, as the United States understands the matter, the Court has requested a letter regarding the practice of entering Orders of Forfeiture which do not require advertisement or any mechanism for third parties to assert claims.

      For forfeiture money judgments, advertising is unnecessary because a forfeiture money judgment is a debt.  It is not a specific asset to which anyone else could have any right, title or interest.  Fed. R. Crim. P. 32.2(b)(6)(A) acknowledges this distinction, providing as follows:

> If the court orders the forfeiture of *specific property*, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding (emphasis supplied).

See also United States v. Kahnawake-Mohawk Industries, 2010 WL 3119186, *2, n.1  (E.D.N.Y. August 3, 2010)("because a money judgment is not considered "specific property," actual notice was not required").

      Mr. Calabro has paid the debt voluntarily pursuant to the plea agreement.  The payment is in the form of a bank check payable to the United States Marshal Service.  The law does not require the government to verify the defendant's ownership of funds used to satisfy a money judgment. The situation is analogous to that of the Clerk of the Court when accepting voluntary payments for fines, restitution or special assessments.

Page 2

       As to Mr. Califano, because the Order of Forfeiture merely orders a debt to be imposed on the defendant at sentencing, there is no specific property to advertise or of which to provide notice.  We trust that this answers the Court's questions.  The undersigned Assistant United States Attorney is available should the Court have additional questions or require further information.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  UNITED STATES ATTORNEY

                   By:    /s/ *Tanya Y. Hill*
                                  Tanya Y. Hill
                                  Assistant U.S. Attorney
                                  (718) 254-6144

cc:    Counsel of Record
       **Via ECF**

Letter to Judge Kiyo Matsumoto regarding U.S. v. Russo, et al, Case No. 11-CR-0030 (KAM), dated September 9, 2011